# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH OLLIE, | ) | |
| Plaintiff, | ) | Civil Action No. 12-67Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| TROOPER JAMES BROWN, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORTAND RECOMMENDATION
### On Motion to dismiss filed by Defendants Hackwelder and Sambroak

## I. RECOMMENDATION

It is respectfully recommended that the motion to dismiss the First Amended Complaint filed by Defendants Hackwelder and Sambroak [ECF No. 26] be granted. The Clerk of Courts should be directed to terminate Defendants Hackwelder and Sambroak from this action.

It is further recommended that Plaintiff's attempts to amend the complaint against Defendants Hackwelder and Sambroak (through the filing of the proposed Second and Third Amended Complaints, as well as any future complaints against them) be denied as futile.

It is further recommended that the motion to dismiss the Second Amended Complaint filed by Defendants Hackwelder and Sambroak [ECF No. 34] be dismissed as moot.

## II. REPORT

### A. Relevant Procedural History

Plaintiff, acting *pro se*, filed this civil rights action on March 5, 2012. In his Original Complaint, Plaintiff named Trooper James Brown, Attorney Eric Hackwelder, and Assistant

1

District Attorney Robert Sambroak as Defendants. Plaintiff alleges that his constitutional rights have been violated in numerous ways stemming from his arrest in November of 2011. Plaintiff complains of the absence of an Assistant District Attorney at his preliminary hearing, that he was arrested without a warrant, that his vehicle was illegally stopped and searched, and that there are defects in the criminal complaint.

In response to the Original Complaint, Defendants Brown, Hackwelder, and Sambroak filed motions to dismiss for failure to state a claim. ECF Nos. 13, 17. Thereafter, Plaintiff filed the First Amended Complaint (ECF No. 20) and the motions to dismiss were dismissed as moot.

In the First Amended Complaint, Plaintiff expands upon the allegations of his Original Complaint and names as new Defendants ten State Troopers in addition to Trooper Brown. ECF No. 20. The First Amended Complaint supersedes the Original Complaint and is the operative pleading in this case, if and until further amendment of the pleadings is granted by this Court.[1]

In response to the First Amended Complaint, Defendants Brown, Hackwelder, and Sambroak filed motions to dismiss for failure to state a claim. ECF Nos. 23 (Defendant Brown), 26 (Defendants Hackwelder and Sambroak). Those motions are presently pending before this Court. Thereafter, Plaintiff filed a Proposed Second Amended Complaint (ECF No. 32), Defendants filed motions to dismiss in response (ECF Nos. 34, 37), and Plaintiff filed a Proposed Third Amended Complaint (ECF No. 43). Neither of these Proposed Amended Complaints have been granted by this Court and so neither is the operative pleading at this time. See Fed.R.Civ.P. 15(a).

---

[1] It is well settled that "an amended complaint supersedes the original version" and renders the original pleading ineffective. Atwell v. Lavan, 2005 WL 2234676, * 1 (M.D. Pa. Sept. 14, 2005). See also Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) (recognizing that an "amended complaint supersedes the original version"); New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1504 (3d Cir. 1996) (an amended complaint generally supersedes -- or takes the place of -- the previously filed complaint); 6 Wright, et al., Federal Practice and Procedure, § 1476 (3d ed. 1998).

This Report and Recommendation focuses only on the motion to dismiss filed by Defendants Hackwelder and Sambroak. The motion to dismiss filed by Defendant Trooper Brown will be addressed separately.

### B. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**C. Allegations against Defendant Hackwelder in the First Amended Complaint**

Plaintiff was arrested without a warrant on November 25, 2011, and charged with felony counts of burglary, theft by unlawful taking or disposition, receiving stolen property, and criminal mischief. On December 12, 2011, a second set of felony criminal charges were filed against Plaintiff for a separate burglary that occurred on November 25th.

On February 16, 2012, a preliminary hearing was held before Magisterial District Justice Scott Hammer. Defendant Eric Hackwelder was appointed by the Court to serve as Plaintiff's criminal defense attorney due to a conflict in the Public Defender's Office. Plaintiff alleges that Attorney Hackwelder provided him with ineffective assistance of counsel at the preliminary hearing because:

5

- Hackwelder did not move to have the criminal charges dismissed: 1) when a representative of the District Attorney's office did not appear at the preliminary hearing and the Commonwealth's case was prosecuted by the State Trooper who was the affiant for the charges; 2) when his preliminary hearing was held 85 days after his arrest; and, 3) when one of the eyewitnesses failed to appear at the preliminary hearing.

- Hackwelder did not object to: 1) Plaintiff being identified at the hearing by witnesses who had not previously been given a line-up and he was the only person who could have fit the description of the male perpetrator in the courtroom; and 2) the admission of Plaintiff's statements made during custodial interrogation and admission of physical evidence that was obtained through the illegal search of his vehicle.

See ECF No. 20.

As an initial matter, in order to bring suit under 42 U.S.C. § 1983[2], a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys, including public defenders, acting on behalf of their clients are not state actors, and therefore, cannot be held liable under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1991) (public defender not a state actor "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D. Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court). The allegations of the First Amended Complaint do not support a § 1983 claim against Eric Hackwelder, Esquire.

"[P]ublic defenders are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights." Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D. Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984). Even if the allegations of the First Amended Complaint are liberally construed as alleging a conspiracy, Plaintiff's claims fail. As a general

---

[2] To the extent that Plaintiff may be attempting to set forth either a legal malpractice or an ineffective assistance of counsel claim against Eric Hackwelder, such claims are not proper § 1983 claims. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Stackhouse, 920 F.2d 1135 (3d Cir. 1990) (§ 1983 is designed to address Constitutional deprivations, not torts).

matter, § 1983 claims need not be pled with any greater particularity than any other claims (see Fed.R.Civ.P. 8), but conspiracy claims must be pled with sufficient particularity to provide the defendants with fair notice of the claims against them. Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 986 (E.D. Pa. 1994). "When a plaintiff in a § 1983 action attempts to assert the necessary 'state action' by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action ... The pleadings standard is even stricter where the state officials allegedly involved in the conspiracy are immune from suit, as is the state court judge and prosecutor in the instant case." Hunt v. Bennett, 17 F.3d 1263, 1268 (10th Cir.), cert. denied, 513 U.S. 832 (1994). As pled, there is nothing in the First Amended Complaint to factually support the elements of a conspiracy claim.[3] See Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del.) quoting Phillips, 515 F.3d at 231 (at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief.").

Furthermore, there is nothing in the Proposed Second and Third Amended Complaints which saves Plaintiff's claims against Hackwelder from dismissal on this same basis. Allowing any further amendment would be futile because the Proposed Second Amended Complaint contains no allegations of conspiracy involving Hackwelder. ECF No. 32. And, the Proposed

---

[3] In order to sufficiently allege a claim of a civil rights conspiracy, the complaint must specifically set forth: (1) the conduct that violated the plaintiff's rights; (2) the time and the place of the conduct; and (3) the identity of the officials responsible for the conduct. See Oatess v. Sobolevitch, 914 F.2d 428, 431 n.8 (3d Cir. 1990) citing Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Furthermore, the allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (affirming dismissal of conspiracy claims based upon mere suspicion and speculation). Here, Plaintiff has made a foundationless allegation of conspiracy without setting forth any facts regarding the conduct, time, or place which constituted the conspiracy.

Third Amended Complaint alleges that Hackwelder conspired with Trooper Brown to 1) deny Plaintiff a lineup before the preliminary hearing (ECF No. 43, ¶ 48), and 2) to not request dismissal of the criminal charges based upon Sambroak's absence at the preliminary hearing (id. at ¶ 50).

These conclusory allegations do not present "any facts tending to show agreement [or] concerted action" between Defendants Trooper Brown and Hackwelder. Instead, Plaintiff simply rephrases his claims advanced against Hackwelder (as previously pled in the Original, First Amended, and Proposed Second Amended Complaints) as a conspiracy. Pleading a conspiracy requires more than mere semantics. Plaintiff's allegations are insufficient to state a conspiracy claim and therefore the proposed Amended Complaints should be denied as futile and Defendant Hackwelder should be dismissed as a party to this action.

### D. Allegations against Defendant Sambroak in First Amended Complaint

Plaintiff does not make any specific **factual** allegations in the Complaint regarding Defendant Sambroak. Instead, Plaintiff merely states his own legal conclusions that Defendant Sambroak violated his constitutional rights.

In the face of a motion to dismiss, Plaintiff must provide factual allegations sufficient to plausibly support his allegations against Defendant Sambroak. See Phillips, 515 F.3d at 234 (explaining that plaintiff must submit enough facts to "raise a reasonable expectation that discovery will reveal evidence of the necessary element."). Here, in the First Amended Complaint, Plaintiff claims that his due process rights were violated because Sambroak failed to appear at his preliminary hearing. This allegation of absence is not an affirmative action for which Sambroak can be held liable under the law. Therefore, even liberally construing the

allegations of the *pro se* litigant, the First Amended Complaint is insufficient to state a claim against Sambroak under Iqbal and Twombly.

Furthermore, even if Plaintiff had alleged facts implicating him, Defendant Sambroak is protected by prosecutorial immunity. A prosecuting attorney acting in a quasi-judicial role is relieved from liability for acts "intimately associated with the judicial phase of the criminal process," to include "initiating a prosecution and ... presenting the State's case." Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) quoting Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). Even the "deliberate withholding of exculpatory information is included within the legitimate exercise of prosecutorial discretion." Yarris, 465 F.3d at 137, quoting Imbler, 424 U.S. at 431-32 n.34. See also Smith v. Holtz, 210 F.3d 186, 199 n.18 (3d Cir. 2000) (finding that a prosecutor's decision not to disclose exculpatory evidence to defendant's counsel was protected under absolute prosecutorial immunity). Accordingly, Defendant Sambroak cannot be liable as he is protected by prosecutorial immunity.[4]

The allegations of the Proposed Second and Third Amended Complaints cannot overcome the prosecutorial immunity to which Sambroak is entitled and so any amendment as to him should be denied as futile.

### III. CONCLUSION

---

[4] Furthermore, Defendant Sambroak cannot be liable under the theory of *respondeat superior* for the actions taken by another prosecuting district attorney even if that attorney was under Defendant Sambroak's direct supervision. It is well-settled law that *respondeat superior* is not an "appropriate theory" for asserting supervisory liability in a § 1983 civil rights action. See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691 (1978). In order for an individual defendant to be found liable in a civil rights action, the individual "must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

For the foregoing reasons, it is respectfully recommended that the motion to dismiss the First Amended Complaint filed by Defendants Hackwelder and Sambroak [ECF No. 26] be granted. The Clerk of Courts should be directed to terminate Defendants Hackwelder and Sambroak from this action.

It is further recommended that Plaintiff's attempts to amend the complaint against Defendants Hackwelder and Sambroak (through the filing of the proposed Second and Third Amended Complaints, as well as any future complaints) be denied as futile.

It is further recommended that the motion to dismiss the Second Amended Complaint filed by Defendants Hackwelder and Sambroak [ECF No. 34] be dismissed as moot.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: January 30, 2013